SPENCER *against* AYRAULT.

*Validity of mortgage; merger by deed from mortgagor; interest.*

THIS suit was brought to foreclose a mortgage executed to the plaintiff by his father; and the defendant Ayrault was made a party, as a judgment creditor of the mortgagor.

The defence by Ayrault was rested upon two grounds:

1. That the mortgage was merged in the title obtained by the plaintiff, under a subsequent quit-claim deed from the mortgagor; and

2. That the mortgage was executed with intent to hinder, delay and defraud creditors.

In regard to the merger, the facts were, that at the time of the execution by the mortgagor and his wife of the quit-claim deed, which was some time after the giving of the mortgage, it was expressly agreed in writing between the parties, that the deed should not operate as a merger of the mortgage, except at the election of the plaintiff, who had never elected that it should so operate.

The court *held*, that whether a conveyance of the equity of redemption of mortgaged premises to the mortgagee will operate as a merger or not, depends upon the intent of the parties; and that, in this case, it would not so operate, without an election by the plaintiff to that effect.

Upon the question of fraud the defendant relied, among other grounds, upon the following:

That the plaintiff, in making up the account which the mortgage was given to secure, had charged interest upon the various items, although such items were not of a nature to carry interest at law.

*Held*, that this did not prove the mortgage to be fraudulent, as there are many cases in which it may be equitable and just that interest should be allowed and paid when its payment cannot be compelled by law. The court *held* the mortgage good, and affirmed the judgment of the court below.

(S. C., 10 N. Y. 202.)